**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000186
03-OCT-2025
07:47 AM
Dkt. 107 SO**

NO. CAAP-23-0000186

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


STEPHEN I. ADLER, Plaintiff-Appellant, v.
DISCOVERY HARBOUR COMMUNITY ASSOCIATION, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-20-0000367)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Plaintiff-Appellant Stephen I. Adler (**Adler**), representing himself, appeals from the following order and judgment entered in the Circuit Court of the Third Circuit[1] (**Circuit Court**): (1) the February 27, 2023 "Minute Order Granting Defendant[-Appellee Discovery Harbour Community Association (**DHCA**)]'s Motion for Summary Judgment, Filed September 9, 2022" (**Minute Order**); and (2) the July 10, 2023 Final Judgment (**Judgment**).[2]

Adler owns property in the Discovery Harbour subdivision. In his Statement of Claim and Notice (**Complaint**), he alleged that DHCA "violated his rights" and denied him "equal

---

[1] The Honorable Peter K. Kubota presided.

[2] Adler filed his notice of appeal on March 23, 2023. The Circuit Court subsequently entered its April 3, 2023 "Findings of Fact and Conclusions of Law and Order Granting [DHCA's] Motion for Summary Judgment Filed September 9, 2022 [Dkt. 149]" and the Judgment. Under Hawai‘i Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), Adler's premature appeal, filed after the Circuit Court announced its decision in the Minute Order but before entry of the Judgment, is "considered as filed immediately after" the entry of the Judgment.

protection of the law" inasmuch as DHCA board members "were not legally in their positions when these actions took place" and committed "wrongful acts" by "misrepesent[ing]" a governing document and "discriminat[ing] against him." (Formatting altered.)  The Circuit Court granted DHCA's motion for summary judgment, concluding that:  (1) "[Adler] has failed to establish that there are genuine issues of material fact to substantiate [Adler's] claims that the DHCA violated [Adler's] rights and did not afford him equal protection under the law" (Conclusion of Law (**COL**) 13); (2) "[Adler's] contest to the validity of the election and appointment of DHCA's Board members is the very issue that was adjudicated in *DHCA, et al. vs. Flaherty, et al.*, Civil No. 3CC191000081; thus, [Adler] is barred by the doctrine of collateral estoppel from raising the same issues" (COL 15); and (3) "[t]here is no right of [Adler] to Constitutional Equal Protection in this case as the DHCA is a non-governmental entity" (COL 16).

On appeal, Adler appears primarily to contend that the Circuit Court's order granting DHCA's motion for summary judgment violated his "rights to jury involvement" and "a jury trial."[3/] (Capitalization altered.)  Adler further contends that the Circuit Court failed to secure his approval as to the form of the Minute Order; DCHA's motion for summary judgment contained "frivolous claims"; the allegations made in Adler's complaints have never been addressed or answered; DHCA did not answer five of Adler's discovery requests; and DHCA did not answer an "amendment/supplemental pleading" that Adler filed on March 30, 2022.

---

[3/]    We note that Adler's opening brief fails to comply in material respects with HRAP Rule 28(b)(4) and (7).  In particular, Adler fails to state specific points of error made by the Circuit Court, where in the record the alleged error occurred, and where in the record the alleged error was objected to or otherwise brought to the court's attention.  The argument section is conclusory, lacking supporting legal authority, and often difficult to discern.  Adler's "failure to comply with HRAP Rule 28(b)(4) is alone sufficient to affirm the circuit court's judgment." Morgan v. Planning Dep't, Cty. of Kauai, 104 Hawaiʻi 173, 180, 86 P.3d 982, 989 (2004) (citing Schefke v. Reliable Collection Agency, Ltd., 96 Hawaiʻi 408, 420, 32 P.3d 52, 64 (2001)).  Nevertheless, we have "consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'" Morgan, 104 Hawaiʻi at 180-81, 86 P.3d at 989-90 (quoting O'Connor v. Diocese of Honolulu, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)).  We thus address Adler's arguments to the extent discernible.

2

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Adler's contentions as follows, and affirm.

Adler contends that the grant of summary judgment violated his jury trial rights. We review this decision de novo. Nozawa v. Operating Eng'rs Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018) (citing Adams v. CDM Media USA, Inc., 135 Hawaiʻi 1, 12, 346 P.3d 70, 81 (2015)).

Even when a case is triable to a jury, summary judgment permits a court to resolve the case without a jury where no genuine issue as to any material fact exists. See HRCP Rule 56(c). Specifically, "[s]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81) (internal quotation marks omitted). "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." Id. (quoting Adams, 135 Hawaiʻi at 12, 346 P.3d at 81). The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Yoneda v. Tom, 110 Hawaiʻi 367, 384, 133 P.3d 796, 813 (2006).

The moving party has the burden to establish that summary judgment is proper. Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198 (citing French v. Haw. Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d 1046, 1054 (2004)). "Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" Id. (brackets omitted) (quoting Lales v. Wholesale Motors Co., 133 Hawaiʻi 332, 359, 328 P.3d 341, 368

3

(2014)).  "Thus, a party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, nor is he or she entitled to a trial on the basis of a hope that he or she can produce some evidence at that time."  Adams v. Haw. Med. Serv. Ass'n, 145 Hawaiʻi 250, 256, 450 P.3d 780, 786 (2019) (quoting Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991)) (brackets and internal quotation marks omitted).

Here, Adler alleged in the Complaint that DHCA board members (1) were not legally in their positions when the board took actions that violated his equal protection rights, and (2) misrepresented a governing document to accomplish these "wrongful acts."  The alleged wrongful acts are difficult to discern, but appear to relate to disputed association charges, the suspension of Adler's voting privileges in the association, and the board's alleged failure to respond to Adler's complaints and to treat him in the same manner as other lot owners.

DHCA moved for summary judgment on three grounds:  (1) the DHCA is not a governmental entity that could engage in discriminatory action to deprive Adler of his right to equal protection; (2) Adler failed to articulate legally cognizable claims regarding DHCA's alleged wrongdoing; and (3) Adler was barred from raising claims based on the alleged illegal appointment of DHCA board members by the doctrine of collateral estoppel.  The motion was supported by a declaration of counsel and attached relevant exhibits.  DHCA thereby satisfied its initial burden of producing support for its position that there was no genuine issue of material fact worthy of trial.

In response, Adler repeatedly referred to his demand for a jury trial and reiterated parts of his difficult-to-discern, conclusory Complaint.  Although he attached multiple documents to his response, he did not submit a declaration or affidavit authenticating the documents or otherwise demonstrate specific facts that presented a genuine issue as to any cognizable claim.  Similarly, in his opening brief on appeal, Adler asserts that his jury trial rights were violated, but does not identify any genuine issues of fact that are material to the

4

elements of a cognizable claim and state where in the record he produced evidence supporting such facts. On this record, Adler failed to demonstrate specific facts that presented a genuine issue worthy of trial. The Circuit Court did not err in granting the motion for summary judgment.

Separately, Adler contends that the Circuit Court failed to secure his approval as to the form of the Minute Order. The Circuit Court was not required to do so. See Rules of the Circuit Courts of the State of Hawaiʻi Rule 23.

Adler's remaining contentions appear to challenge DHCA's alleged failure to respond to various pleadings and discovery requests. Adler does not state the alleged error committed by the Circuit Court, where in the record the alleged error occurred, and how the matter was brought to the Circuit Court's attention. See HRAP Rule 28(b)(4); see also Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 107, 58 P.3d 608, 618 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal."). These remaining contentions are therefore disregarded. See HRAP Rule 28(b)(4).

For the reasons discussed above, the Final Judgment entered on July 10, 2023, in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawaiʻi, October 3, 2025.


On the briefs:

Stephen I. Adler,
Self-represented Plaintiff-
Appellant.

Stefan M. Reinke
(Lyons, Brandt, Cook &
Hiramatsu)
for Defendant-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge